FILED
IN THE UNITED STATES DISTRICT COURT MISSOULA, MT

FOR THE DISTRICT OF MONTANA MAY 1 PM 4 02

MISSOULA DIVISION           PATRICK E. DUFFY
                        BY _____
                              DEPUTY CLERK

CURTIS HATCHARD,                    )        Cause No. CV 06-167-M-DWM-JCL
                                    )
            Petitioner,             )
                                    )
      vs.                           )        FINDINGS AND RECOMMENDATION
                                    )        OF U.S. MAGISTRATE JUDGE
JAMES MacDONALD; ATTORNEY           )
GENERAL OF THE STATE OF             )
MONTANA,                            )
                                    )
            Respondents.            )

On November 3, 2006, Petitioner Curtis Hatchard moved to proceed in forma pauperis with

this action under 42 U.S.C. § 1983. Hatchard is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the

respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f

it plainly appears from the face of the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court." *Id.* If summary dismissal is not warranted, the judge must

order the respondent to file an answer, motion, or other response or "to take other action the judge

may order." *Id.*

**II. Background**

In 2003, Hatchard was charged by information in Montana's Fourth Judicial District Court,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Missoula County, with a fourth or subsequent offense of driving under the influence ("DUI"), a violation of Mont. Code Ann. §§ 61-8-401 and -731 (Count 1), and with operating a motor vehicle despite being designated as a habitual traffic offender, a violation of Mont. Code Ann. § 61-11-213 (Count 2). At some point, he was also charged with being a persistent felony offender, pursuant to Mont. Code Ann. § 46-13-108 (2003). *See* Pet. (doc. 1-1) at 2, ¶¶ 1-2; Judgment (doc. 1-2) at 1.[1]

Hatchard pled guilty to Count 2. On December 18, 2003, he was sentenced to serve twelve months in prison, with credit for time served. *See* Judgment at 2.

On December 22, 2003, a jury trial was held as to Count 1. Hatchard was found guilty. *See* Pet. at 3, ¶¶ 5-6; Judgment at 2.

On April 13, 2004, written judgment was entered. Hatchard was sentenced to serve thirteen months in prison on Count 1, with another five years suspended. The Judgment provided that, if Hatchard completed a WATCh program, the remaining portion of the thirteen-month prison term would be suspended. *See* Judgment at 2. Hatchard was also sentenced to serve ten years in prison as a persistent felony offender. *Id.* at 3. His sentences were imposed to run concurrently. *Id.*

Although Hatchard's petition states that he appealed, the case number he cites as his appeal was actually assigned to a petition for writ of habeas corpus, which he filed in the Montana Supreme Court on May 16, 2005. *See* Pet. at 3, ¶ 8; Order (doc. 1-11) at 1, *Hatchard v. Mahoney*, No. 05-283 (Mont. Aug. 6, 2006). Hatchard did not appeal from his conviction or sentence. He did, however, apply for sentence review. *See* Notice (doc. 1-4) at 1, *State v. Hatchard*, No. DC-2001-19 (Mont. Sentence Review Div. Oct. 19, 2004).

---

[1] This document and all others cited in this section were attached as exhibits to Hatchard's Petition.

Sometime in 2004, Hatchard filed a petition for writ of habeas corpus in the Montana Supreme Court. The court denied the petition on April 21, 2004, and denied rehearing on May 12, 2004. *See* Order (doc. 1-3) at 1, *Hatchard v. Montana Fourth Jud. Dist. Court*, No. 04-166 (Mont. May 12, 2004).

In February 2005, Hatchard filed in either the Montana Supreme Court or in the trial court a document that is captioned as a petition for writ of habeas corpus in the Montana Supreme Court but is described in the text of the document as a memorandum in support of postconviction relief. *See* Pet. for Writ of Habeas Corpus (doc. 1-8) at 1. The Court has labeled that document as the petition in *Hatchard v. Mahoney*, Montana Supreme Court Case No. 05-283, but that does not appear to be correct. Instead, the document is probably a memorandum in support of postconviction relief and was most likely filed in the trial court.

At any rate, at some point, Hatchard filed a petition for postconviction relief in the trial court. *See* Pet. at 3, ¶ 11; State's Resp. to Pet. (doc. 1-5) at 3, *Hatchard v. State*, No. DC 03-219 (Mont. Fourth Jud. Dist. Court June 13, 2005); Pet'r Reply (doc. 1-6) at 1-2, *Hatchard*, No. DC 03-219 (Mont. Fourth Jud. Dist. Court June 20, 2005). The trial court denied the petition. *See* Order (doc. 1-7) at 1-2, *Hatchard*, No. DC 03-219 (Mont. Fourth Jud. Dist. Court June 28, 2005). Hatchard did not appeal. *See* Pet. at 3, ¶¶ 12-13.

Another document that may have been the petition in *Hatchard v. Mahoney*, No. 05-283, named both Mike Mahoney and James MacDonald as respondents. That document bears no date and does not indicate in what court it was filed. *See* Pet. for Writ of Habeas Corpus (doc. 1-9).

In late May 2005, the State moved the Montana Supreme Court to forward a habeas petition

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

filed by Hatchard to the trial court to be construed as a petition for postconviction relief, pursuant to *Schrapps v. Mahoney*, 36 P.3d 338 (Mont. 2001). *See* State's Mot. to Forward (doc. 1-10) at 1-2, *Hatchard v. Mahoney*, No. 05-283 (Mont. May 26, 2005).

In April 2006, Hatchard filed another petition for writ of habeas corpus in the Montana Supreme Court, alleging that his sentence was not being properly executed. *See* Pet. for Writ of Habeas Corpus (doc. 1-15) at 3, *Hatchard v. MacDonald*, No. 06-276 (Mont. Apr. 6, 2006). The State filed a response to that Petition, *see* State's Resp. (doc. 1-16) at 1, *Hatchard*, No. 06-276 (Mont. Apr. 27, 2006), and the Montana Supreme Court denied the petition on May 10, 2006, *see* Order at 1-2, *Hatchard*, No. 06-276 (Mont. May 10, 2006).

On August 23, 2006, the Montana Supreme Court dismissed Hatchard's habeas petition in No. 05-283 without prejudice and forwarded the petition to the trial court, to be construed as a petition for postconviction relief and consolidated with Hatchard's previous postconviction petition. *See* Order (doc. 1-11) at 1-2, *Hatchard*, No. 05-283 (Mont. Aug. 23, 2006). Rehearing was denied on September 13, 2006. *See* Order (doc. 1-13) at 1, *Hatchard* No. 05-283 (Mont. Sept. 13, 2006).

Thereafter, Hatchard attempted to file in the Montana Supreme Court a motion to vacate his sentence. The motion was rejected without filing on October 3, 2006. *See* Mot. to Vacate (doc. 1-14) at 1, 3, *Hatchard*, No. 05-283 (Mont. not filed).

Hatchard filed his federal petition for writ of habeas corpus in this Court on November 3, 2006.

## III. Hatchard's Allegations

Hatchard contends, first, that the trial court lacked jurisdiction to impose a persistent felony

offender designation. *See* Pet. at 4, ¶ 12A. His second and third claims are that he was given multiple punishments for the same offense because his DUI sentence was enhanced to a felony based on his previous DUI convictions and, at the same time, he was designated as a persistent felony offender based on his felony DUI conviction. *Id.* at 5, ¶¶ 12B-C. Fourth, he alleges that he was subjected to double jeopardy because he was sentenced both for operating a motor vehicle while being a habitual traffic offender and as a persistent felony offender. *Id.* at 6, ¶ 12D. Fifth, he asserts that he was denied a jury trial on the persistent felony offender designation. *Id.* at 9. Sixth, and last, he contends that he is entitled to release because the Montana state courts failed to act on his petitions for writ of habeas corpus. *Id.* at 10.

## IV. Analysis

It is not clear whether Hatchard's claims are exhausted, because it appears that the Montana Supreme Court forwarded one of his petitions for writ of habeas corpus to the trial court so that it could be addressed as a postconviction petition. Hatchard's exhibits do not show whether the trial court has ruled on the claims in that petition. However, because it is clear that Hatchard is not entitled to relief, it is more efficient to adjudicate his federal claims on the merits, regardless of whether the trial court or Montana Supreme Court has addressed them and regardless of whether the claims are exhausted or procedurally barred on other grounds in this Court. *See* 28 U.S.C. § 2254(b)(2).

### A. First Claim

The trial court had subject-matter jurisdiction over Hatchard's case. *See* Mont. Code Ann. § 3-5-302(1)(a) (2003). An erroneous decision does not strip the trial court of jurisdiction under

either federal or state law. *See, e.g., Peña v. State*, 100 P.3d 154, 160 ¶ 25 (Mont. 2004)).

## B. Second, Third, and Fourth Claims

Hatchard's second, third, and fourth grounds for relief are virtually identical. They lack merit

for three reasons. First, sentencing as a repeat offender is not considered a "new" jeopardy, so

neither the enhanced penalty for a fourth or subsequent DUI nor the persistent felony offender

designation constitutes jeopardy. *See Gryger v. Burke*, 334 U.S. 728, 732 (1948).

Second, *Blockburger v. United States*, 284 U.S. 299 (1932), provides that two separate

offenses are committed where each offense requires proof of one element that the other does not.

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the

test to be applied to determine whether there are two offenses or only one is whether each provision

requires proof of an additional fact which the other does not." *Id.* at 304. In Hatchard's case, to

prove Count 1, the State had to prove that he was driving while intoxicated, but not that he was

convicted of a felony within the previous five years.[2] To prove the persistent felony offender

designation, the State had to prove that Hatchard was convicted of a felony within the previous five

years, but not that he drove while intoxicated. *Compare* Mont. Code Ann. § 61-8-731(1) *with id.*

§ 46-18-501. Consequently, Hatchard's persistent felony offender designation and felony DUI

conviction were two separate offenses under *Blockburger*. Likewise, to prove Count 2, the State had

to prove that Hatchard operated a motor vehicle while his license was revoked but not that he

---

[2] In Hatchard's case, the State did not need to prove a felony to support Count 1 in
Hatchard's case. A felony need not be proven because proof of three misdemeanor convictions will
suffice. Hatchard has not been convicted of any homicide offense, *see* CON Network,
http://app.mt.us/conweb, so the State was not compelled to use a felony offense as the predicate for
both the felony DUI charge and the persistent felony offender designation.

committed a felony on a previous occasion, while to prove the persistent felony offender designation,

it had to prove a previous felony conviction but not that Hatchard operated a motor vehicle on a

revoked license. *Compare* Mont. Code Ann. § 61-11-213 *with id.* § 45-18-501. To round out the

analysis, Count 1 required proof of intoxication, while Count 2 required proof that Hatchard's

license was revoked. There was no double jeopardy under the *Blockburger* test.

Third, a state legislature may authorize cumulative punishment even where the *Blockburger*

test would ordinarily preclude multiple punishments:

> Where . . . a legislature specifically authorizes cumulative punishment under two
> statutes, regardless of whether those two statutes proscribe the "same" conduct under
> *Blockburger*, a court's task of statutory construction is at an end and the prosecutor
> may seek and the trial court or jury may impose cumulative punishment under such
> statutes in a single trial.

*Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). Montana's persistent felony offender statute is

precisely the kind of statute the *Hunter* Court had in mind. It applies where a defendant "is presently

being sentenced for a second felony committed on a different occasion than the first." Mont. Code

Ann. § 46-18-501. Therefore, it is always applied as an enhancement to another, predicate felony.

In Hatchard's case, the predicate felony is one or the other of his previous DUI felony offenses. The

Montana Supreme Court has held that the legislature authorized cumulative punishments for felony

DUI offenders. *See generally State v. Yorek*, 45 P.3d 872, 875 ¶ 18 (Mont. 2002).[3] That holding is

binding on this Court because the Montana Supreme Court is the highest authority in the land, bar

none, on the interpretation of Montana law. *See Hunter*, 459 U.S. at 368 (citing *O'Brien v. Skinner*,

414 U.S. 524, 531 (1974)); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize

---

[3] *Yorek* was overruled on other grounds not relevant here by *DeShields v. State*, 132 P.3d
540, 542 ¶ 9 (Mont. 2006) (citing *Peña v. State*, 100 P.3d 154, 160 ¶ 25 (Mont. 2004)).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."). Consequently, under *Hunter*, Hatchard's designation as a persistent felony offender and sentencing for a felony DUI offense did not violate the Double Jeopardy Clause.

### C. Fifth Claim

Hatchard was not entitled to a jury trial of his persistent felony offender designation. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum muse be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490 (emphasis added) (following discussion of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). The Court reaffirmed that rule just two weeks ago. *See James v. United States*, __ U.S.__, 127 S. Ct. 1586, 1600 n.8 (2007). Hatchard's designation as a persistent felony offender turned exclusively upon proof of prior convictions. Therefore, under *Apprendi* and its progeny, the Sixth Amendment did not entitle Hatchard to a jury trial.

### D. Sixth Claim

Hatchard's last ground for relief alleges that "[s]ince neither the Supreme Court of Montana nor the Fourth Judicial District Court will make a commitment or accept responsibility for making a decision other than to deny culpability, I should win based on Inexcusable or Inordinate delay." Pet. at 10. He cites *Givens v. Green*, 12 F.3d 1041 (11th Cir. 1994).

A federal court may grant habeas relief against a State judgment only where the petitioner's

*custody* violates federal law. *See* 28 U.S.C. § 2254(a). The Montana courts did not violate federal law when they decided not to address Hatchard's various state habeas petitions on the merits. The controlling statute, Mont. Code Ann. § 46-22-101, makes clear that the writ of habeas corpus does not lie in state court to address the validity of a conviction or sentence. A petition for postconviction relief fulfills that role. The trial court addressed Hatchard's postconviction petition, and Hatchard did not appeal. It is not up to the Montana courts to "accept responsibility" for making a decision. It is up to Hatchard to present his claims in the appropriate manner and at the appropriate time under state law. *Givens* does not address a claim like Hatchard's, much less support it.[4] Hatchard is not entitled to release merely because the Montana courts followed their own procedural rules and dismissed his habeas petitions.

### E. Conclusion

Hatchard has not presented any claim on which this Court could grant relief. His claims of lack of subject-matter jurisdiction, double jeopardy, and entitlement to a jury trial lack merit. His complaint about the Montana courts' procedures fails to recognize that he is required to follow the procedural rules established by the courts and the state legislature. His petition should be denied.

### V. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v.*

---

[4] While Hatchard might have obtained a hearing on the merits pursuant to *Lott v. State*, 150 P.3d 337 (Mont. 2006), that decision was not issued until after Hatchard's habeas petitions had been dismissed. He might still obtain a hearing on the merits under state law. *See Lott*, 150 P.3d at 342 ¶ 22; *State v. Guillaume*, 975 P.2d 312, 316 ¶ 16 (Mont. 1999) (charting different path for double jeopardy analysis under state law than under federal law). However, this Court, as a federal court, cannot consider claims based on state law.

*United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).

The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220

F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner
> ... "must demonstrate that the issues are debatable among jurists of reason; that a
> court could resolve the issues [in a different manner]; or that the questions are
> 'adequate to deserve encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4

(1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail

on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial

resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*,

220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor.

*Id.*

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. §

2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1)

(emphasis added). The Court need not explain why a certificate *should* issue. *Id.*

**B. Discussion**

While reasonable jurists might find that Hatchard's petition should be dismissed on

procedural grounds, there is nothing debatable about Hatchard's claims on the merits. State law

plainly contradicts his assertion that the trial court lacked subject-matter jurisdiction. There was no

double jeopardy under either *Gryger*, *Blockburger*, or *Hunter*. *Almendarez-Torres* precludes his

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10

claim of entitlement to a jury trial of his persistent felony offender designation. His complaint about

the Montana courts' procedures fails to recognize that he is required to follow the procedural rules

established by the courts and the state legislature. For the reasons stated in the Analysis section, a

COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Hatchard's Petition (doc. 1) should be DENIED on the merits. A certificate of appealability

should be DENIED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United

States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636,

any objections to these findings must be filed or delivered to prison authorities for mailing within

twenty (20) calendar days[5] after the entry date reflected on the Notice of Electronic Filing, or

objection is waived.

Petitioner must immediately inform the Court of any change in his mailing address.

DATED this **1st** day of May, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

---

[5] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 11